**THE UNITED STATES DISTRICT COURT OF**

**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE, | **Civil Action No. 25-cv-8735(JMF)** |
| *Plaintiff*, | |
| v. | **Plaintiff's Motion to** |
| | **Seal Exhibits Attached to the** |
| DOW, et al | **Amended Complaint** |
| *Defendants*. | |

## INTRODUCTION

1. I, the Plaintiff, respectfully move this Court for an Order, pursuant to the Court's October 24, 2025, Order (ECF No. 7), the Court's December 3, 2025 Order (ECF No. 9), and the Court's inherent authority over its docket, sealing the exhibits and the Sealed Declaration filed contemporaneously with my First Amended Complaint. I respectfully submit that each of the items listed below contains specific identifying or otherwise sensitive information that satisfies the "higher values, narrowly tailored" standard articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), and *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020).

2. I do not seek to seal the entire case consistent with the Court's December 3, 2025, Order denying case-wide sealing. My request is limited to filings containing the Sealed Declaration of Plaintiff and the specific exhibits identified below, each of which is referenced generically in my First Amended Complaint.

## LEGAL STANDARD

3.  Judicial documents are subject to a strong presumption of public access at common law and under the First Amendment. Lugosch, 435 F.3d at 119-20. The presumption may be overcome by a showing that closure is "essential to preserve higher values and is narrowly tailored to serve that interest." Id. at 120. The proponent of sealing bears the burden. *N.Y.C. Transit Authority v. Westfield Fulton Center LLC*, No. 24 Civ. 1123 (LGS), 2025 WL 429714, (S.D.N.Y. February 6, 2025).

4.  Recognized higher values include: (i) protecting the privacy interests of non-parties and party-witnesses, including witness-protection identity, see Mirlis, 952 F.3d at 59; (ii) protecting confidential commercial and trade-secret information, see *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, (S.D.N.Y. April 20, 2021), (iii) protecting sensitive medical information, see, *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019), and (iv) protecting personal identifying information of victims and witnesses in criminal investigations, see Sealed *Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008).

5.  Exhibits attached to a complaint, while subject to a presumption of access, ordinarily warrant a weaker presumption than the complaint itself, particularly where the exhibits contain raw evidentiary material rather than the legal framework relevant to the Court's adjudicatory function. See *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016).

## ARGUMENT

6.  Each of the items identified below satisfies the Lugosch standard. I have structured the request narrowly: I do not seek to seal the Notice of Filing First Amended Complaint or any

of the Court's prior Orders. I seek the sealing only of the documents containing discrete exhibits and my identifying/sensitive personal information.

## A. Sealed Declaration of Plaintiff

7. The Sealed Declaration of Plaintiff filed contemporaneously herewith identifies my actual legal name, my Military rank, and the specific false name attributed to me by the disclosing Army or Army National Guard officer that is referenced throughout my First Amended Complaint. Public disclosure of the names contained in the Sealed Declaration would link my pseudonymous identity to the protected identity, severely compromise the protective measures I obtained through a sealed Court proceeding, and defeat the pseudonymity already granted by this Court's October 24, 2025, Order. Witness-protection identity is a recognized higher value under Mirlis and Sealed Plaintiff. The redaction is narrowly tailored; only the specific names are sealed, the public First Amended Complaint references them generically and proceeds without disclosing them.

## B. Incident Report

8. The relevant pages of the out-of-state detective's Incident Report (the specific state and pages are identified in the Sealed Declaration) document the disclosure described in the First Amended Complaint. The Incident Report contains: (i) my actual legal name, (ii) the false name attributed to me by the disclosing Army officer, (iii) law-enforcement identifiers, and (iv) references to a separately maintained investigation file that is also permanently sealed. **The Higher Value justifications** are witness-protection identity (Mirlis, Sealed Plaintiff) and protection of law-enforcement investigative information.

**C. DD Form 1172-2**

9.  The DD Form 1172-2 (the specific date and place of issuance are identified in the Sealed Declaration) contains my actual legal name, my Department of Defense ID number, my Social Security number, and the signature of the issuing DEERS officer. **The Higher Value justifications** are the protection of personal identifying information, military identifiers, and Social Security numbers, each of which is independently protected under federal law. See Privacy Act of 1974, 5 U.S.C. § 552a, and Federal Rule of Civil Procedure 5.2(a).

**D. Plaintiff's current Military ID**

10. My current Military ID Card contains my photograph, my actual legal name, my DoD ID number, my expiration date, and other military identifiers. **The Higher Value justifications** are the protection of personal identifying information and military credentials, the publication of which would directly enable identity-based targeting and is independently restricted by 18 U.S.C. § 701 (unauthorized reproduction or possession of official military ID cards).

**E. Sealed Court Order | Changed PII Identifiers and Related Protective Relief**

11. The sealed Court Order(s) granting my petition for PII changes and other witness-protection-related relief, referenced in paragraph 32 of the First Amended Complaint, were already placed under seal by a New York Court of competent jurisdiction. **The Higher Value justifications** are recognition and enforcement of the existing New York Court's sealing Order, out-of-state Court's sealing Order, witness-protection identity (Mirlis; Sealed Plaintiff), and other protective relief, which remains in effect through 2029. The specific expiration date is identified in the Sealed Declaration.

**F. Plaintiff's Email and Fax to DOS, and Related Correspondence**

12. The DOS email and fax described in the First Amended Complaint, and any related correspondence with DOS personnel, contain my actual legal name in the signature block, my military rank, my email address, my fax transmission identifiers, and references to law-enforcement matters and a separately sealed action. **The Higher Value justifications** are personal identifying information, witness-protection identity, and references to separately sealed proceedings.

**G. VA Privacy Officer Correspondence and Plaintiff's Executed VA Form 10-10164**

13. These materials, referenced in the First Amended Complaint, contain my actual legal name, my VA patient identifier, references to my specific medical history, and my executed signature. **The Higher Value justifications** are the protection of sensitive medical information and personal identifying information.

**H. Medical Letters**

14. The medical letters obtained from my physicians, referenced in the relevant paragraph of the First Amended Complaint, contain my actual legal name, identifying medical information, and discrete, highly sensitive medical statements. In the Sealed Declaration, I identified the specific dates my doctors issued the medical letters. **The Higher Value justifications** are the protection of sensitive medical information and confidential treatments. See *Doe v. Skyline Automobiles*.

**Plaintiff's Privacy Act Amendment Requests and Related Agency Correspondence**

15. These materials referenced in my First Amended Complaint contain my actual legal name, my address, my date of birth, my Social Security number, my DoD ID number, and references to the false-name issue described generically in my First Amended Complaint. **The Higher Value justifications** are personal identifying information (Federal Rule of Civil Procedure 5.2 and witness-protection identity.

**Plaintiff's Act Letters to USCIS, and Related Correspondence**

16. These materials, referenced in my First Amended Complaint, contain my actual legal name in the signature block, my A-Number (the specific number is identified in the Sealed Declaration), my address, my date of birth, references to my protected witness status, references to the sealed New York State court protective Order, and details of my citizenship. **The Higher Value justifications** are the personal identifying information, confidential citizenship record, witness-protection identity recognition, and the enforcement of other active sealing and protective Orders issued by multiple Courts.

**Any Other Document Referenced in the First Amended Complaint bearing Plaintiff's Actual Legal Name or Witness-Protection Identifiers**

17. To the extent any additional exhibits submitted in support of my First Amended Complaint contain my actual legal name, my A-Number, my address, or witness-protection-related identifiers, I respectfully request that those exhibits also be sealed under the same standard. I will identify each such exhibit on the docket and supplement this Motion as needed.

## NARROW TAILORING

18. The relief I seek is narrowly tailored as required by Lugosch. I seek to seal only documents that contain identifying or sensitive personal information that cannot be effectively redacted in line. For each item, the higher value protected is specific (witness-protection identity, sensitive medical information, personal identifying information protected by Rule 5.2 and the Privacy Act, or comity with separately sealed Court proceedings). The First Amended Complaint references each exhibit and provides the Court with sufficient detail to evaluate the merits of my Privacy Act and Administrative Procedure Act claims.

## CONCLUSION

19. For the foregoing reasons, I respectfully request that the Court enter the accompanying Proposed Order sealing the Sealed Declaration of Plaintiff and Exhibits 1 - 10 permanently, with leave to me to identify and seal additional exhibits as needed.

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when Defendants file responsive papers.

The Clerk of Court is directed to terminate ECF No. 22.

Respectfully submitted,

JANE DOE Plaintiff

Executed on April 27, 2026.

New York, New York.

SO ORDERED.

May 4, 2026