**Jane Doe**
Plaintiff

August 27, 2026
**By Email to the Pro Se Intake Unit (pro_se_filing@nysd.uscourts.gov)**

The Honorable Jesse M. Furman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Doe v. DOW et al.*, No. 25 Civ. 8735 (JMF)
**Plaintiff's Second Letter-Motion for a 45-Day Extension of Time to Respond to the Government's Motion to Dismiss and Opposition to Plaintiff's Motion to Seal**

Dear Hon. Justice Furman:

I am the *pro se* plaintiff in the above-referenced action. I respectfully request a 45-day extension of my time to respond to the Government's motion to dismiss my First Amended Complaint and its opposition to my motion to seal, from September 2, 2026 to October 19, 2026. I further request that the Government's time to reply be extended correspondingly, from September 16, 2026 to November 2, 2026.

I do not make this request for convenience. I make it because on Monday, August 24, 2026, I discovered that the exact harm I filed this lawsuit to stop has happened again, on a scale I did not imagine was possible, and I do not yet know how this unprecedented breach of highly sensitive military records occurred, who caused it, when it occurred, or under what claimed authority. I am asking this Honorable Court for the time to find out before I am required to tell the Court what this case is about.

This request is made under Federal Rule of Civil Procedure 6(b)(1)(A), which permits the Court, for good cause, to extend a deadline where the request is made before the original time expires. I am submitting it six days before my current deadline, which satisfies the 48-hour requirement in Paragraph 1(D) of Your Honor's Individual Rules and Practices in Civil *Pro Se* Cases.

In accordance with Paragraph 1(D) of Your Honor's Individual Rules and Practices in Civil *Pro Se* Cases, I state the following:

1. **Original dates.** By order entered July 2, 2026, the Court set August 3, 2026, as the deadline for responses and August 17, 2026, as the deadline for replies. By Order entered July 29, 2026 (ECF No. 37), granting my letter-motion at ECF No. 36, the Court extended those dates to September 2, 2026 for responses and September 16, 2026 for replies. Those are the two dates I now ask the Court to extend.

2. **Number of previous requests.** This is my second request for an adjournment or extension of any deadline in this action. For the Court's convenience, I again note that the Government sought and obtained two extensions of its own time to respond to my First Amended Complaint (ECF No. 20) and my motion to seal (ECF No. 22), the second of which was requested by letter-motion dated June 16, 2026 (ECF No. 28).

3. **Whether previous requests were granted or denied.** My single previous request was granted in full by the Court's July 29, 2026 Order (ECF No. 37). The Government's two requests were also granted.

4. **Reasons for the requested extension.**

**A. On August 24, 2026, I discovered that seventy-two pages of confidential military records were released to adverse parties without my consent**

On or about August 24, 2026, I discovered that seventy-two pages of confidential military personnel records, containing my unredacted Social Security number and thirty-three distinct documents, are in the hands of adverse parties. I did not consent to that release. No court of competent jurisdiction ordered the release of my Social Security number and family member's contact info and other PII. No agency told me it had happened. I found out by accident, six years into a fight to keep these very records from this very fate.

**B. What the seventy-two pages contain.**

I will not reproduce the contents of these records in a public filing, and I describe them here by category only. The breached records include, without limitation:

(i) my Social Security number, which appears on nearly every page of the production;

(ii) multiple pieces of personally identifiable information;

(iii) photographic reproductions of my United States identification cards, each bearing my photograph;

(iv) the names, home addresses, and telephone numbers of my family members, including my father, my mother, and my siblings, several of whom reside outside the United States, none of whom is a party to this action, none of whom consented to anything, and none of whom has any connection to this litigation whatsoever;

(v) complete secondary school and university records, including secondary school leaving certificate, national examination results, university transcript, and university diploma;

(vi) aptitude, language, and qualification test scores;

(vii) **my medical and behavioral screening records**, including records about Drug and Alcohol Abuse Statement of Understanding and a Drug, Alcohol and HIV Testing;

(viii) evaluation history;

(ix) my security clearance information, including the level of my clearance, and the names of the security clearance personnel identified in those records; and

(x) a classified national security information Form 312, titled CLASSIFIED INFORMATION NONDISCLOSURE AGREEMENT, which identifies by name the security manager and the security clerk who executed it with me.

**Not one page of the seventy-two-page record was redacted. Not one Social Security number was masked.** Not one family member's address was withheld. The production reads as though my file was photocopied and handed across a table.

I want to be precise with the Court about the Standard Form 312, which was also released without my consent. That record is not itself a highly classified document. But it is the document by which the United States tells a service member that she has been granted access to classified information and that she may be prosecuted if she ever discloses it. The Government asked me to sign that promise. **I kept it**. Whoever released my file **did not.**

**C. What I did on August 24, 2026, and what the Navy has told me in writing.**

On August 24, 2026, the same day I learned of this shocking breach, I telephoned the Bureau of Naval Personnel, Office of Legal Counsel. I remained on that call for twenty-one minutes. The agent who took my call described what I reported as an "unusual circumstance" and marked my request urgent.

That same day, I submitted a written request to the Navy for an accounting of disclosures, asking the Navy to tell me whether anyone has requested my records and, if records were released, to whom and when. Navy Personnel Command acknowledged my request that same day. It assigned it a FOIA request number and correspondence file number. It placed my request on its expedited processing track, stating that due to the **unusual** circumstance, it was "bypassing standard first-in/first-out queues." It advised me that the records I seek "require a search in and/or consultation with multiple offices" and that my request therefore falls within the "unusual circumstances" provision of 5 U.S.C. § 552(a)(6)(B)(i)-(iii), which permits the agency to extend its response time beyond the twenty days the statute otherwise allows.

I hold the Navy's written acknowledgment, which I have marked as **Exhibit 1**. Because it identifies me by name, I am not filing it on the docket. I can deliver it in hard copy to the Records Management Department, Room 370 in this Courthouse, or provide it to the Court for *in camera* review if the Court prefers.

**The Navy's own expedited search for responsive records is the reason I need this time extension**. The agency that holds the answer has told me, in writing, that it cannot answer within twenty days. The 45-day extension I request is calibrated to the window the Navy itself identified.

**D. Why the Navy's answer changes what I file.**

The Privacy Act commands that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person" absent the written consent of the individual or one of twelve enumerated exceptions. 5 U.S.C. § 552a(b). One exception permits disclosure "pursuant to the order of a court of competent jurisdiction." *Id.* § 552a(b)(11). The District of Columbia Circuit has held that subpoenas, whether issued by a

grand jury or otherwise, "do not qualify as 'order[s] of a court of competent jurisdiction' under 5 U.S.C. § 552a(b)(11), unless they are specifically approved by a court." *Doe v. DiGenova*, 779 F.2d 74, 85 (D.C. Cir. 1985). Where Privacy Act records are sought in civil litigation, the lawful route is an order entered by a court, and the court retains discretion to condition that order with protective terms and with notice to the individual whose life is inside the file. *See Laxalt v. McClatchy*, 809 F.2d 885 (D.C. Cir. 1987).

Congress also required every agency to "make reasonable efforts to serve notice on an individual when any record on such individual is made available to any person under compulsory legal process when such process becomes a matter of public record." 5 U.S.C. § 552a(e)(8). I received no notice from anyone, at any time, in any form.

I need to know which route was used, because each route produces a different filing:

(i) If the records were released under FOIA, that concession is itself extraordinary, and I will say so plainly. FOIA is requester-blind. "[T]he identity of the requesting party has no bearing on the merits of his or her FOIA request." *United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 771 (1989). Release to one requester is, in principle, release to the world. If the Navy takes the position that my unredacted personnel file is releasable under FOIA, then the Navy is telling every service member in this country that their family's addresses, their medical screening records, their Social Security Numbers, their sensitive, confidential identity documents, and their secret, top secret security clearance histories are available to any stranger who fills out a form on FOIA.gov, without regard to whether that stranger is an enemy of the State, a predator, or a trafficker.

**I do not believe the Navy will defend that position, and the law does not permit it.** The Supreme Court has held that federal employees' home addresses are protected from disclosure under FOIA Exemption 6, 5 U.S.C. § 552(b)(6), and that because FOIA does not require their release, "the Privacy Act … prohibits their release." *United States Dep't of Defense v. Federal Labor Relations Authority*, 510 U.S. 487, 502 (1994); *see id.* at

494. The Fifth Circuit has held that service members hold a substantial informational privacy right limiting disclosure of their Social Security numbers, and that an agency properly redacts them. *Sherman v. United States Dep't of the Army*, 244 F.3d 357 (5th Cir. 2001). And FOIA's "central purpose is to ensure that the Government's activities be opened to the sharp eye of public scrutiny, not that information about private citizens that happens to be in the warehouse of the Government be so disclosed." *Reporters Committee*, 489 U.S. at 773. My secondary school leaving certificate is not a window into the conduct of the Department of the Navy.

(ii) **If the records (including records of my family who are not a party to any Court case) were released under a subpoena**, I need to see that subpoena. Under *DiGenova*, an attorney-issued or clerk-issued subpoena is not an order of a court, and a disclosure made in response to one is not excused by § 552a(b)(11).

(iii) **If the records were released under a consent form bearing my signature**, I need to see that form, its date, and its scope, because I have signed no such consent. It would also allow me the opportunity to determine if there is a need to file a criminal complaint under 18 U.S.C. § 641 and/or 18 U.S.C. § 1001, in the event the requester used deceptive means or mischaracterized the subpoena to obtain the breached records.

(iv) **If the records were released by disastrous human error or system error**, that is a different filing again, and it bears directly on the "intentional or willful" element of 5 U.S.C. § 552a(g)(4).

I cannot responsibly tell this Court which of these occurred until the Navy tells me, and I should not have to guess. Count X of my First Amended Complaint seeks precisely this accounting under 5 U.S.C. § 552a(c)(3) and § 552a(g)(1). The information I am waiting on is not collateral to this case. It is a part of the relief I already pled.

**E. What the Navy's answer may require me to ask this Court to do.**

Depending on what the accounting shows, I anticipate that I may need to seek leave to amend my Prayer for Relief. Rule 15(a)(2) provides that the Court "should freely give leave when justice so requires," and the Supreme Court has instructed that this mandate "is to be

heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). I would far rather bring the Court one complete, well-supported request than file in pieces. Specifically, I anticipate that I may ask the Court to:

(i) Order a no-use, return, and certified destruction remedy reaching the seventy-two pages and every copy, extract, note, index, abstract, and derivative work made from them, pursuant to Federal Rule of Civil Procedure 26(c)(1) and this Court's inherent authority to manage the proceedings before it and to remedy abuse of its processes. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *Dietz v. Bouldin*, 579 U.S. 40 (2016). Federal Rule of Civil Procedure 5.2 already reflects this Court's recognition that Social Security numbers and dates of birth do not belong in the open.

(ii) Order that, before any Defendant releases my records to any third party in the future, the Defendant apply the Restricted-Disclosure and Verification-Required Annotation set out in subparagraph I of the Prayer for Relief in my First Amended Complaint, including its advance-notice and opportunity-to-quash provisions; and evaluate any FOIA justification offered for the release of my records under the standard the Supreme Court prescribed in *National Archives and Records Administration v. Favish*, 541 U.S. 157, 172 (2004), which requires the requester to "show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake," and to "show the information is likely to advance that interest." I respectfully submit that no requester could carry that burden as to my secondary school leaving certificate, my parents' home addresses, or my sister's contact information.

(iii) Consider whatever relief becomes appropriate if the Navy determines that its own records were converted or were obtained by deception, including referral for consideration under 18 U.S.C. § 641, which reaches the conversion of a record of the United States, 18 U.S.C. § 1001, which reaches materially false statements made to a federal agency, and 5 U.S.C. § 552a(i)(3), which makes it a misdemeanor for "[a]ny person who knowingly and willfully requests or obtains any record concerning an individual from an agency under false pretenses." I do not allege today that any of this

occurred. I say only that I cannot know until the Navy answers, and that I will not accuse anyone on speculation.

(iv) Determine whether it is appropriate to notify the Navy so that the Navy may consider whether to issue a recall letter as to the released records, or to move to intervene for the limited purpose of protecting its own records, a step the United States takes in other cases.

**F. Why this cannot wait until after the pending motions are decided.**

Paragraph 4(F) of Your Honor's Individual Rules and Practices in Civil *Pro Se* Cases provides that "[u]nless otherwise ordered by the Court, oral argument will not be heard in *pro se* matters." I understand that rule, and I respect it. But it means that the papers I file are the only voice I will have in this case. There will be no conference at which I can tell the Court what I learned on August 24, 2026, and no argument at which the Court can ask me a single question about it. Whatever I fail to put in writing before the Court rules, the Court will simply never hear. That is why it is paramount that I place every fact and every grievance before this Honorable Court now, so the Court has the complete picture before it enters a decision.

Courts have long recognized that *pro se* litigants "generally lack both legal training and experience and, accordingly, [are] likely to forfeit important rights through inadvertence if [not] afforded some degree of protection." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). I am asking the Court not to let me forfeit this through the calendar.

**G. My safety and the protective orders this release defeats.**

I hold a documented protected status, and there are sealing and protective orders in effect that I have asked this Court to recognize in my pending motion to seal. I remain a witness in an ongoing criminal investigation. Those orders were entered to keep my identifying information, my whereabouts, and my family away from people with harmful, ulterior

motives to look for me. The release of these seventy-two unredacted pages defeats every one of those orders at once, and it cannot be undone, because once protected identity information leaves the agency, it can never be made confidential again. This is not an abstract records dispute to me. I am asking for time because I need to learn how exposed I am, and who exposed me, before I am asked to litigate anything else.

5. **Whether the adversary consents.** On August 27, 2026, I wrote to Assistant United States Attorney Kathleen M. Lewis to ascertain the Government's position on this request. **The Government <u>consents</u> to this request.**

6. **Next scheduled appearance and other existing deadlines.** There is no appearance currently scheduled before the Court, and consistent with Paragraph 4(F) of Your Honor's *Pro Se* Rules, I do not anticipate one. I am aware of no other existing deadlines in this action. Granting this request would affect only the September 2 and September 16, 2026 dates, and I have proposed corresponding amendments to both above.

**No party will be prejudiced by the requested extension.**

There is no trial date, no discovery schedule, and no pending appearance that this adjournment would disturb. The Government's motion has been complete and on file since it was served. A 45-day extension costs the Government nothing that it can identify. Denying it costs me a great deal, because I would be forced to file an opposition that omits the most serious Privacy Act violation in this case, and then live with a decision entered without it.

I have not been dilatory. I discovered this on Monday, August 24, 2026. I telephoned the Navy that day. I filed my accounting request and demanded an investigation on that same day. I am writing to the Court six days before my deadline. I have moved as quickly as one person can move, without counsel and without the institutional resources available to the Government.

**Conclusion**

For the foregoing reasons, I respectfully request that the Court extend my time to respond to the Government's motion to dismiss and its opposition to my motion to seal from September 2, 2026 to October 19, 2026, and extend the Government's time to reply from September 16, 2026 to November 2, 2026. I further respectfully request leave to lodge the Navy's August 24, 2026 written acknowledgment under seal as Exhibit 1, or to submit it to the Court *in camera*, on the terms set out above. Finally, I undertake to advise the Court promptly if the Navy completes its accounting before my extended deadline, so that the Court may shorten this schedule if it wishes to do so.

I thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Jane Doe Plaintiff
Jane Doe
Plaintiff *Pro Se*

cc: Kathleen M. Lewis, Assistant United States Attorney
(by e-mail: kathleen.lewis@usdoj.gov)

Application GRANTED. Plaintiff is cautioned that further extensions are unlikely to be granted, absent extraordinary circumstances. Additionally, for the avoidance of doubt, Plaintiff is cautioned that this extension is not a grant of leave to file an amended complaint.

The Clerk of Court is directed to terminate ECF No. 38.

SO ORDERED.

September 2, 2026