Application GRANTED. The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. Plaintiff may deliver the materials in hard copy to the Sealed Records Management Unit. Unless the Court orders otherwise, however, Plaintiff shall also email a courtesy copy to the Court at the following email address: Furman_NYSDChambers@nysd.uscourts.gov.

The Clerk of Court is directed to terminate ECF No. 41.

SO ORDERED.

October 21, 2026

JANE DOE
Plaintiff.

October 19, 2026

BY EMAIL TO prose@nysd.uscourts.gov
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: Doe v. DOW, et al., No. 25 Civ. 8735 (JMF)**
**Letter-Motion for Leave to File Under Seal and to Lodge Hard Copies**

Dear Judge Furman:

I write to ask leave to file under seal the Supplemental Declaration I submit with my opposition to Defendants' motion to dismiss, together with the exhibits listed below, and leave to deliver those materials in hard copy to the Sealed Records Management Unit. I spoke with that unit today. I was advised that it cannot accept these materials without an order of the Court, and that I should apply to Your Honor first. I am therefore filing my opposition and my reply on time today, and asking leave to lodge the sealed materials as soon as the Court permits.

Your Honor's order of December 3, 2025 granted me leave to file any document I believe contains sensitive or personal identifying information under seal on a temporary basis, to be later evaluated by the Court. ECF No. 9. I understand this letter to be the application that order contemplates for these particular materials. I describe each one generically here, as I did in my motion to seal, so that nothing protected appears on the public docket.

**A. Filed with my opposition to the motion to dismiss**

**Supplemental Declaration of Plaintiff.** My sworn statement explaining that the name the disclosing officer gave the out-of-state detective is not a misspelling of my legal name but a splice of my current surname and the given name from the identity a New York court permanently sealed. Defendants' motion turns on the opposite characterization. The Declaration is where the two names appear, which is why it cannot be public.

**Exhibit A | The two subpoenas and their schedules.** True copies of the subpoena a Justice of the New York Supreme Court so ordered on January 6, 2026, and of the instrument dated May 28, 2026 directed to the Navy in a District of Columbia matter, each with the schedule of requests annexed. These show what the Navy was asked for and therefore what it produced beyond the request. The second instrument carries no judge's signature. They identify the parties and the courts.

**Exhibit B | The Navy's September 22, 2026 response.** The Bureau of Naval Personnel's letter states that a search of its tracking system on four name terms located no records. The Government told the Court three weeks earlier that Navy Personnel Command had produced my records. Both cannot be true, and that contradiction is evidence for my maintenance claim. The letter quotes my sealed prior identity and garbles it.

**Exhibit C | Government counsel's October 2, 2026 electronic mail.** Counsel's own statement that a finding of improper release in responding to the subpoena may undermine the argument that the disclosure was permitted. It bears directly on the exception Defendants invoke, and it carries my legal name.

**B. Filed with my reply in support of my motion to seal (ECF No. 22)**

1. **The complete name change sealing order.** Defendants say the single signature page previously filed does not show that the order concerns me. ECF No. 35, at 4. The complete order answers that, and it is sealed by the issuing court.

2. **The Civil Court supervisor's letter of July 30, 2026.** A court officer's written confirmation, filed in the related state action on July 31, 2026, that my records were ordered permanently sealed on a finding that my personal safety required it, that I reported an unauthorized access, that the court found the records were in fact breached, and that a Justice apologized and granted further protective relief. It is the single most direct answer to the Government's argument that my showing of harm is speculative, and it invites verification by telephone.

3. **Address Confidentiality Program certification.** My certification under New York Executive Law § 108, which by its terms runs through April 22, 2029. It shows the protection I hold is current rather than historical.

4. **The anonymity order in the related state action.** The order under which the parties in that case proceed anonymously, which shows that another court has reached the same conclusion about my identity.

5. **The District Attorney's electronic mail of June 24, 2026. Confirmation that I am the complaining witness in a sealed, ongoing criminal matter. The message shows that the request for evidence involved a public figure who is also a witness, correspondence with the Federal Bureau of Investigation, and the Senators working on a bill I have proposed. This is a present and continuing reason to keep my identity sealed that does not depend on any order entered in the past.**

Each of these bears on a question the Court must decide: whether the disclosure was what Defendants say it was, whether my records were maintained accurately, and whether the protections I claim exist and remain in force. I am not asking the Court to seal the case. My opposition, my reply, and the revised schedule filed today are all public and describe this material generically.

I therefore respectfully request leave to file the materials listed above under seal, and leave to deliver them in hard copy to the Sealed Records Management Unit. If the Court prefers to review any of them in camera before deciding, I will deliver them on whatever terms the Court directs. If the Court would rather I proceed in some other manner, I will follow whatever direction Your Honor gives.

Respectfully submitted,

/s/ Jane Doe
JANE DOE Plaintiff
Executed on October 19, 2026.
New York, New York.